**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION**

| | | |
|---|---|---|
| JUDY D. CLARK, | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | Civil Action No. 3:19-CV-00097-L-BH |
| | § | |
| AMERICAN AIRLINES, INC., | § | |
| | § | |
| Defendant. | § | Referred to U.S. Magistrate Judge |

**MEMORANDUM OPINION AND ORDER**

By *Order of Reference* dated February 20, 2019 (doc. 14), before the Court for determination is *Defendant American Airlines Inc's Opposed Motion to Transfer Venue and Brief in Support Thereof,* filed February 19, 2019 (doc. 10). Based on the relevant filings, evidence, and applicable law, the motion to transfer venue is **GRANTED**.

**I. BACKGROUND**

On October 24, 2018, Judy D. Clark (Plaintiff) was terminated from her employment at American Airlines Inc. (Defendant) as a result of a reduction in force. (doc. 3 at 4-5.)[1] She sued Defendant on January 11, 2019, for race, sex, and color discrimination and retaliation in violation of Title VII of the Civil Rights Act of 1964, and age discrimination and retaliation in violation of the Age Discrimination in Employment Act of 1967. (*See id*.) Plaintiff resides in Cedar Hill, Texas, which is located in the Dallas Division of the Northern District of Texas. (*Id*. at 1.)

On February 19, 2019, Defendant answered and moved to transfer the action to the Fort Worth Division for the convenience of the parties and witnesses. (doc. 10 at 1-2; doc. 12.) Its

---

[1]Citations to the record refer to the CM/ECF system page number at the top of each page rather than the page numbers at the bottom of each filing.

corporate office is located in Tarrant County, Texas, which is located in the Fort Worth Division. (doc. 11-1 at 2.) Plaintiff previously worked at Defendant's Flight Attendant Services Center (FASC), which is also located in Tarrant County, and the events that gave rise to her claims all occurred there. (*Id.*) All decisions regarding Plaintiff's employment were made in Tarrant County, and that is where the person who made the decision regarding her termination worked during her employment, although he is now located in California. (*Id.* at 2-3.) The other witnesses that Defendant will likely call to testify at trial are employed in Tarrant County, and several also reside there. (*Id.* at 3.) Defendant's "relevant files, payroll records, personnel polices and procedures (including employee handbooks and policies related to hiring, Equal Employment Opportunity and anti-discrimination policies and company rules) were formulated and are located and maintained in Tarrant County." (*Id.*) Plaintiff's personnel records are also maintained at the corporate office in Tarrant County. (*Id.* at 2-3.)

Plaintiff did not respond to the motion to transfer, and it is now ripe for consideration.

## II. ANALYSIS

A district court may transfer any civil case "[f]or the convenience of parties and witnesses, in the interest of justice…to any other district or division where it may have been brought or to any district or division to which all parties have consented." 28 U.S.C. § 1404(a). As a threshold matter, § 1404(a) requires a determination of whether the proposed transferee district is one in which the suit might have been brought. *In re Horsehoe Entm't*, 337 F.3d 429, 433 (5th Cir. 2003) (per curiam). Once this threshold has been met, § 1404(a) requires consideration of "the convenience of the parties and witnesses" and "the interests of justice." *In re Volkswagen AG*, 371 F.3d 201, 203 (5th Cir. 2004) (Volkswagen I); *In re Volkswagen of Am.,*

*Inc.*, 545 F.3d 304, 315 (5th Cir. 2008) (*Volkswagen II*). The movant must show that based on these considerations, the transferee venue is "clearly more convenient." *Volkswagen II*, 545 F.3d at 315. Courts have broad discretion under § 1404(a) in deciding whether to order a transfer. *Id.*

A.      **Proposed Transferee District**

Plaintiff sues for employment discrimination under Title VII, which has a special venue provision:

> [A]n action may be brought in any judicial district in the State in which the unlawful employment practice is alleged to have been committed, in the judicial district in which the employment records relevant to such practice are maintained and administered, or in the judicial district in which the aggrieved person would have worked but for the alleged unlawful employment practice, but if the respondent is not found within any such district, such an action may be brought within the judicial district in which the respondent has his principal office. For purposes of sections 1404 and 1406 of Title 28, the judicial district in which the respondent has his principal office shall in all cases be considered a district in which the action might have been brought.

42 U.S.C. § 2000e-5(f)(3).[2] She also sues under the ADEA, to which the general federal venue statute, 28 U.S.C. § 1391, applies. *Tucker v. U.S. Dept. of Army*, 42 F.3d 641 (5th Cir. 1994). Section 1391(b) provides:

> A civil action may be brought in (1) a judicial district in which any defendant resides, if all defendants are residents of the State in which the district is located; (2) a judicial district in which a substantial part of the events or omissions giving rise to the claim occurred, or a substantial part of property that is the subject of the action is situated; or (3) if there is no district in which an action may otherwise be brought as provided in this section, any judicial district in which any defendant is subject to the court's personal jurisdiction with respect to such action.

28 U.S.C. § 1391(b)(West Supp. 2014). Venue must be proper as to each cause of action. *Id.*

---

[2]The express reference to § 1404 makes clear that it also applies to Title VII cases. *In re Horseshoe*, 337 F.3d at 432–33.

(citations omitted).

Here, Plaintiff could have brought her Title VII claim in the Fort Worth Division because it is where (1) the unlawful employment practice is alleged to have been committed, (2) the relevant employment records are maintained and administered, (3) she would have worked but for the alleged unlawful employment practice, and (4) Defendant has its principal office. 42 U.S.C. § 2000e-5(f)(3). She could also have brought her ADEA claim in that division because it is where Defendant resides, and where the events or omissions giving rise to her claim occurred. 28 U.S.C. § 1391(b). The proposed transferee district is one in which both claims may have been brought.

B. **Convenience to Parties and Witnesses**

The next consideration is "the convenience of the parties and witnesses." *Volkswagen I*, 371 F.3d at 203; *Volkswagen II,* 545 F.3d at 315. The Fifth Circuit has adopted the *forum non conveniens* private and public interest factors to determine the convenience of the parties and witnesses. *Volkswagen II*, 545 F.3d at 314-15, n.9 (5th Cir. 2008); *see also Volkswagen I*, 371 F.3d at 203. These factors "are not necessarily exhaustive nor exclusive," however, and no single factor is dispositive. *Volkswagen II*, 545 F.3d at 315.

1. **Private Interest Factors**

The private interest factors consist of: "(1) the relative ease of access to sources of proof; (2) the availability of compulsory process to secure the attendance of witnesses; (3) the cost of attendance for willing witnesses; and (4) all other practical problems that make trial of a case easy, expeditious and inexpensive." *Volkswagen I*, 371 F.3d at 203 (citing *Piper Aircraft Co. v. Hartzell Propeller, Inc.,* 454 U.S. 235, 241, n.6 (1981)).

4

### a. Relative Ease of Access to Sources of Proof

The first private interest factor, the relative ease of access to sources of proof, weighs in favor of transfer when evidence can be more readily accessed from the transferee district. *Internet Machines LLC v. Alienware Corp.*, No. 6:10-cv-023, 2011 WL 2292961, at *5 (E.D. Tex. June 7, 2011). Although increasing technological advances have lessened the inconvenience of obtaining evidence in a different venue, this does not render the first factor superfluous. *See Volkswagen II*, 545 F.3d at 316; *Moss v. Lockheed Martin Corp.*, No. 3:10-CV-1659-M, 2011 WL 197624, at *3 (N.D. Tex. Jan. 18, 2011). Courts still consider the physical location of the evidence. *Internet Machines LLC,* 2011 WL 2292961, at *5.

Here, Defendant provides a declaration attesting that its employment and business records are physically located in the Fort Worth Division. (doc. 11-1 at 3.) This factor weighs in favor of transfer.

### b. Availability of Compulsory Process

The second private interest factor, the availability of compulsory process to secure the attendance of witnesses, favors transfer when a transferee district has absolute subpoena power over a greater number of non-party witnesses. *Internet Machines*, 2011 WL 2292961, at *6 (citing *In re Hoffman-La Roche Inc.*, 587 F.3d 1333, 1336-37 (Fed. Cir. 2009)). A district court "may command a person to attend trial" by subpoena "within 100 miles of where the person resides, [or] is employed …" Fed. R. Civ. P. 45 (c)(1)(A).

Defendant's evidence shows that most of its witnesses work within the Fort Worth Division, and several reside there. (doc. 11-1 at 3.) The Dallas Division is within 100 miles of the Fort Worth Division. *Moss*, 2011 WL 197624, at *2. Defendant concedes that witnesses are

therefore equally subject to subpoena in either division. (doc. 10 at 6.) This factor is neutral. *See also Davis v. MAHA Trading Inc.*, No. 3:05-CV-0832-M, 2006 WL 8437474 at * 2 (N.D. Tex. Apr. 10, 2006).

### c. *Cost of Attendance for Willing Witnesses*

The third private interest factor is the cost of attendance of willing witnesses. *Volkswagen I*, 371 F.3d at 203. "The Court must consider the convenience of both the party and non-party witnesses." *Vargas v. Seamar Divers Int'l, LLC,* No. 2:10-CV-178-TJW, 2011 WL 1980001, at *7 (E.D. Tex. May 20, 2011) (citing *Volkswagen I*, 371 F.3d at 204). This factor is often considered the most important factor to be considered in deciding whether to transfer venue. *Moss*, 2011 WL 197624, at *5 (citing *AT&T Intellectual Prop. I L.P. v. Airbiquity Inc.*, No. 3:08–CV–1637–M, 2009 WL 774350, at *5 (N.D. Tex. Mar.24, 2009), and *Ternium Int'l U.S.A. Corp. v. Consol. Sys., Inc.*, 3:08–CV–816–G, 2009 WL 464953, at *4 (N.D. Tex. Feb.24, 2009)). The convenience of non-party witnesses is accorded the greatest weight, however, while the convenience of employee witnesses of the party seeking transfer is given less weight because the party will be able to compel their testimony at trial. *Id.*

Defendant does not dispute it could effectuate compulsory process over its likely witnesses, who all appear to be its employees. (doc. 10 at 6.) It notes that the only individuals referenced within Plaintiff's complaint are three of its employees who work and reside in Tarrant County. (*Id.*) Although the convenience of its employee witnesses is entitled to less weight, this factor still weighs slightly in favor of transfer, given that the parties and witnesses "all would incur less travel time and expense if the trial were held in Fort Worth instead of Dallas." *Green v. Burlington Northern and Santa Fe Ry. Co.,* No. Civ. A 3:05CV1596-L, 2006 WL 154329, at

6

*3 (N.D. Tex. Jan. 19, 2006).

### d.    *Other Practical Problems*

The fourth private interest factor is a catch-all consideration that includes other issues that obstruct easy, expeditious, and inexpensive trials. *Allcapcorp, Ltd. Co. v. CHC Consulting*, No. 3:17-CV-0757-S-BH, 2019 WL 417995 at *7 (N.D. Tex. Jan. 10, 2019).

Defendant argues that "no substantive proceedings have been held in the Dallas Division and no discovery has been conducted," so there is no possibility of delay or likely prejudice that will result from a transfer to the Fort Worth Division. (doc. 10 at 7.) There do not appear to be any issues that would weigh against transfer.

### 2.    **Public Interest Factors**

In addition to the private interest factors, courts must also consider the *forum non conveniens* public interest factors to see if they favor transfer. *Volkswagen I*, 371 F.3d at 203. They include "(1) the administrative difficulties flowing from court congestion; (2) the local interest in having localized interests decided at home; (3) the familiarity of the forum with the law that will govern the case; and (4) the avoidance of unnecessary problems of conflict laws [or in] the application of foreign law." *Id.* Defendant concedes that the first, third, and fourth public interest factors are neutral. (doc. 10 at 8.)

The second public interest factor, the local interest in having localized interests decided at home, favors transfer if "the events giving rise to this action occurred in [the transferee district/division]…" *Volkswagen II*, 545 F.3d at 315.

Defendant argues that this factor weighs in favor of transfer because it is located in the Fort Worth Division, the alleged wrongdoing occurred there, the individuals mentioned in

Plaintiff's complaint work and reside there, and so do the other witnesses Defendant intends to call. (doc. 10 at 8.) Fort Worth has a localized interest in this matter because the company alleged to have caused the harm is located there, all of the alleged events happened there, and the relevant documents and witnesses are almost all located there. *See Volkswagen II*, 545 F. 3d at 317-18. In addition, the outcome of the case will have a direct financial impact on a party located there. The second public interest factor weighs in favor of transfer. *Berlanga v. Basic Energy Services, LP*, No. 3:17-CV- 0106-L, 2017 WL 4923876 at *4 (N.D. Tex. Oct. 20, 2017); *Moss*, 2011 WL 197624 at *6.

On balance, four factors weigh in favor of transfer, four are neutral, and none favor Plaintiff's chosen forum.

**C.      Interest of Justice**

Analysis of the "convenience of parties and witnesses" does not end the transfer of venue inquiry. *Regents of Univ. Of Cal. v. Eli Lilly & Co.*, 119 F.3d 1559, 1565 (Fed. Cir. 1997). The court should also consider the interest of justice under § 1404(a). *See In re Horseshoe Entm't*, 337 F.3d at 433. Generally, where most of the witnesses and evidence in the case are closer to the transferee venue, and few or no convenience factors favoring the venue chosen by the plaintiff, a court should transfer the case. *In re Nintendo Co.,* 589 F.3d 1194, 1198 (Fed. Cir. 2009). Here, because all the evidence and witnesses are closer to the Fort Worth Division, and no factors favor the Dallas Division, the interest of justice favors transfer.

**D.      Plaintiff's Choice of Forum**

A plaintiff's choice of venue is not a separate factor in the transfer of venue analysis. *Volkswagen II*, 545 F.3d at 314 n.10. Rather, it is "to be treated as a burden of proof question,"

and deference to plaintiff's choice of venue is reflected in the movant's burden to show good cause for the transfer. *See id.* (citation and internal marks omitted). The original forum selected by a plaintiff "should be respected" unless "the transferee venue is clearly more convenient." *Volkswagen II*, 371 F.3d at 314 n. 10, 315.

Here, it is undisputed that no events underlying the case occurred in the Dallas Division, and there appears to be no nexus to this division other than Plaintiff's residence. Considering the convenience of the parties and witnesses and the interest of justice, Defendant has met its burden of showing that the Fort Worth Division is "clearly more convenient" than the Dallas Division. *Volkswagen I*, 545 F.3d at 315. Transfer of the action to that division is therefore appropriate.

### III. CONCLUSION

The motion to transfer venue is **GRANTED**, and this case is hereby **TRANSFERRED** to the United States District Court for the Northern District of Texas, Fort Worth Division.[3]

**SO ORDERED** on 9th day of July, 2019.

                                         IRMA CARRILLO RAMIREZ
                                         UNITED STATES MAGISTRATE JUDGE

---

[3] *Amended Miscellaneous Order No. 6* provides authority to transfer actions brought by *pro se* litigants to the proper or more appropriate district or division.